United States District Court
Southern District of Texas
**ENTERED**
April 12, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TEXAS BUILDER & DEVELOPMENT LLC, <br> *Plaintiff,* <br><br> v. <br><br><br> LIBERTY MUTUAL AGENCY CORPORATION, <br> *Defendant,* | § § § § § § § § § § § § § CIVIL ACTION NO. 4:23-cv-1796 |

## ORDER

Pending before the Court is Defendant Liberty Mutual Agency Corporation's ("Liberty Mutual" or "Defendant") Motion for Summary Judgment. (Doc. No. 16). Plaintiff Texas Builder & Development LLC ("Plaintiff") filed a Response. (Doc. No. 17). For the foregoing reasons, the Court **GRANTS** Defendant's motion. (Doc. No. 16).

### I.    Background

This is an insurance coverage dispute related to an alleged break-in that occurred on Plaintiff's property. According to the complaint, the break-in occurred at 5202 Keystone St., Houston, Texas 77021 (hereinafter "5202 Keystone"). 5202 Keystone allegedly sustained damage to the property itself as well as damage related to the theft of the contents therein.

The Court notes there is discrepancy in the briefings as to the timeline of the alleged break-in and the events that followed. According to Liberty Mutual, Plaintiff took out a **businessowner insurance policy** with a *different* insurer, General Insurance Company of America, and that policy was effective from **September 10, 2020 to September 10, 2021**. (Doc. No. 16-4). Liberty claims that this policy covered the premises located at 4831 Hackamore Brook Ct., Katy, Texas 77449.

(hereinafter "4831 Hackamore"). Liberty further contends that the break-in occurred not at the covered premises, but at 5202 Keystone on or about **March 21, 2021**, and that Plaintiff first provided notice to Liberty Mutual on April 6, 2021. (Doc. No. 16-4). Soon thereafter, Liberty Mutual investigated the claim and concluded that the break-in was not covered, sending a claim denial to Plaintiff on April 9, 2021. (*Id.*). Importantly, this timeline of events aligns with Plaintiff's original complaint that lists the date of loss as March 21, 2021. (Doc. No. 1-3 at 1).

By contrast, Plaintiff's response brief posits a very different timeline. According to Plaintiff's response, Defendant issued a **residential insurance** policy to Plaintiff on **May 14, 2021**, providing coverage for an unspecified home. Then, on or around **May 25, 2021**, Plaintiff's home was damaged by a break-in. (Doc. No. 17 at 4). Plaintiff provided a police report allegedly documenting this timeline. (Doc. No. 17-2). The police report only further confuses things. It records a break-in occurring on May 25, 2021, at **7202 Keystone St.**, which is a different address than 5202 Keystone or 4831 Hackamore. Therefore, Liberty Mutual and Plaintiff appear to disagree on whether the policy was business or residential, when the policy was issued, who issued the policy, and when and where the break-in occurred.

Plaintiff's complaint lists the following information as the basis for its claims:

| | |
|---|---|
| **Insured:** | **TEXAS BUILDER & DEVELOPMENT LLC (herein "Plaintiff")** |
| **Policy Number:** | BWG62017862 (herein "Policy") |
| **Claim Number:** | 23910090 (herein "Claim" or "Claim Number") |
| **Date of Loss:** | MARCH 21, 2021 (herein "Date of Loss") |
| **Insured Property:** | 5202 KEYSTONE ST. HOUSTON, TX. 77021 (herein "Property" or "Insured Property") |

2

(Doc. No. 1-3 at 1). The policy number, claim number, date of loss, and loss property stated above all match Liberty Mutual's summary judgment briefing and evidence. The Plaintiff's summary judgment briefing and evidence, however, inexplicably indicate a date of loss of May 25, 2021. Moreover, the insurance documentation indicates that it was dated May 14, 2021 (after the date of the break-in alleged in the complaint) and the police report indicates the break-in location as 7202 Keystone Street. Even assuming the Court considers Plaintiff's summary judgment evidence, there is no summary judgment evidence related to the break-in dated March 21, 2021 at 5202 Keystone that formed the basis of Plaintiff's April 6th claim, Liberty Mutual's April 9th denial, and Plaintiff's complaint.

Liberty Mutual now moves for summary judgment on all of Plaintiff's claims, including breach of contract and extra-contractual claims. Liberty Mutual argues first that Plaintiff's business insurance policy was issued by a different insurer, General Insurance Company of America, and second, even if Liberty was the correct insurer, the policy did *not* cover either Keystone properties but instead covered yet a *third* property located at 4831 Hackamore.

## II.     Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact

3

is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

**III.   Analysis**

As noted above, Liberty Mutual moves for summary judgment on all of Plaintiff's claims, including breach of contract and extra-contractual claims. Liberty Mutual argues that Plaintiff's business insurance policy was issued by a different insurer, General Insurance Company of America, and that, even if Liberty was the correct insurer, the policy covered the property located at 4831 Hackamore and did not cover 5202 Keystone or 7202 Keystone. It has provided summary judgment evidence to back up these claims, including the policy itself (with the same policy number as alleged in the complaint), the Plaintiff's April 6th claim request (with the same claim number as alleged in the complaint), Liberty's April 9th claim denial, and an affidavit of the archivist of General Insurance Company of America affirming that the records are authentic. In response, Plaintiff filed two pieces of so-called evidence: a "Certificate of Liability Insurance" dated May, 14, 2021 and a Houston Police Department report for a break-in at 7202 Keystone St. dated May 25, 2021.

### A. Liberty Mutual Did Not Breach the Policy as a Matter of Law Because It Did Not Issue the Policy

Liberty first argues that it did not breach the policy as a matter of law because Plaintiff's policy was issued by a different insurer—General Insurance Company of America. Liberty contends that Plaintiff's complaint accurately states the relevant policy number (Policy No. BWG (21) 62017862) but inaccurately names Liberty as the Defendant. Liberty attached the relevant policy to its motion. (Doc. No. 16-1). Although Liberty Mutual's name and logo appear on the policy, the top of pages 2-45 of the policy contains the following language:

> **Coverage Is Provided In:**
> General Insurance Company of America, a stock company
> Domiciled in New Hampshire
> 175 Berkeley Street, Boston, MA 02116

(Doc. No. 16-1 at 2–45). As such, Liberty contends that Plaintiff's breach of contract claim fails as a matter of law because Plaintiff has no possibility of recovering against Liberty for failure to pay insurance benefits under a policy Liberty did not issue.

Under Texas law, the essential elements of a breach of contract claim are: 1) the existence of a valid contract; 2) that the plaintiff performed or tendered performance; 3) that the defendant breached the contract; and, 4) that the plaintiff was damaged as a result of the breach. *Bridgmon v. Array Systems Corp.*, 325 F.3d 572 (5th Cir. 2003). Though not Texas cases, Liberty cites two cases that are persuasive on this issue.

In *Dickie Brennan & Co. v. Zurich Am. Ins. Co.*, the plaintiff sought to recover insurance benefits from Zurich under a policy that Zurich did not issue. 2021 U.S. Dist. LEXIS 245191, at *16 (E.D. La. Dec. 20, 2021). The court dismissed the plaintiff's claims against Zurich because the policy at issue expressly stated that another carrier provided the insurance. The court further

noted that although the policy included the name "Zurich," there was nothing to suggest that Zurich issued the policy or had any obligations under the policy. *Id.*

Similarly, in *Kundel Indus. v. Ohio Cas. Ins. Co.*, the plaintiff sued Ohio Casualty Insurance Co., despite the fact that the policy consistently and repeatedly stated (much like the policy here) that "coverage is provided in The Netherlands Insurance Company – A Stock Company." 2013 U.S. Dist. LEXIS 196981, at *5 (N.D. Ohio Nov. 17, 2013). The court noted that the petition unequivocally identified the relevant policy before concluding that there "is little doubt that Netherlands issued this insurance policy" and "that Netherlands is the legal entity with whom Plaintiff entered into a contract…[although the] Defendant may be affiliated with Netherlands and may have performed administrative functions in regard to the policy, the pleadings demonstrate that the proper party to be sued is Netherlands." Based thereon, the court dismissed the plaintiff's claims against Ohio Cas. Ins. Co.

In response, Plaintiff states "upon meticulous examination and thorough elucidation in the preceding sections, it becomes abundantly clear that the defendant's argument lacks merit in the context of the present claim." (Doc. No. 17 at 7). Plaintiff goes on to provide more conclusory statements that fail to address the question of who issued the policy and do not engage with the evidence or case law cited by Defendant.[1]

Plaintiff's only evidence on this issue is the "Certificate of Liability Insurance" that lists Liberty Mutual Agency Corporation as an insurer and is dated May 14, 2021. This date is, of course, *after* the date of break-in according to Plaintiff's complaint and Liberty's evidence.

---

[1] For example, Plaintiff argues "the defendant's motion for summary judgment wholly lacks merit and must be denied, as it relies solely on an improper and invalid argument that the incorrect entity has been named in the action. No evidence suggests the plaintiff has targeted the wrong insurer and as such the defendant's proposed argument that they are the incorrect party lacks factual validity, ultimately undermining any basis for awarding summary judgment."

6

Moreover, this document states at the top: "THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE **DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER**(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER." (Doc. No. 17-1). Thus, on its face, the certificate does not constitute a contract between Plaintiff and Liberty Mutual.

In sum, Plaintiff's only "evidence" on the issue is a certificate that is (1) not a contract and (2) is dated after the alleged break-in, and a police report on a break-in on a different day and at a different address. Additionally, Plaintiff does not offer any evidence to dispute that the insurance provider on the policy is actually General Insurance Company of America. Notwithstanding the fact that the words Liberty Mutual appears on the policy, the policy consistently and repeatedly states that coverage is provided by General Insurance Company of America. Therefore, Plaintiff has failed to raise a genuine issue of material fact showing that a contract existed between Plaintiff and Liberty Mutual. The Court hereby GRANTS Liberty Mutual's summary judgment on this issue. (Doc. No. 16).

### B. 5202 Keystone Was Not Covered Under the Policy

Even if Liberty Mutual were the insurer under the policy (which it is not), the Court would nevertheless grant summary judgment because the location of the loss—5202 Keystone or 7202 Keystone if one relies on the police report—is not an insured location under the policy.

The policy's insuring agreement provides that General Insurance Company of America will cover "direct physical loss of or damage to Covered Property at the premises described in the Declarations." (Doc. No. 16-1 at 70). According to the Declarations page, "this policy provides

7

coverage" only for the location(s) named under the Summary of Locations. (*Id.* at 8). The Summary of Locations includes only the following address: 4831 Hackamore Brook Ct., Katy, TX 77449. (*Id.*). Plaintiff provides no evidence to the contrary.

In addition to providing coverage for the premises described in the Declarations, the policy also provides coverage for "Business Personal Property located in or on the buildings or structures at the described premises." (Doc. No. 16-1 at 70). The off-premises coverage covers personal property that is damaged so long as the personal property is damaged "at a premises you [Plaintiff] do not own, lease, or operate." Here, it is undisputed that Plaintiff claims to own 5202 Keystone.[2] Therefore, Liberty contends that, even if it were the insurer under the policy, any loss incurred at 5202 Keystone would not be covered as it was neither a covered property nor an off-premises loss.

Plaintiff does not address this issue in its response. Again, Plaintiff's only possible evidence on the issue is the Certificate of Liability Insurance that lists 5202 Keystone St. as a location but was dated after the alleged break-in and is itself not a contract of insurance. Plaintiff, therefore, fails to raise a fact issue that Liberty had a duty under the policy to pay for damages resulting from the break-in at that location. With no evidence or argument to the contrary, the Court finds that based on the language of the contract, any loss at 5202 Keystone was not covered by the policy. Therefore, in the alternative, the Court GRANTS Liberty Mutual summary judgment as to Plaintiff's breach of contract claim for this reason as well.

### C. *Liberty Mutual is Entitled to Summary Judgment on the Extracontractual Claims*

Where there is no breach of contract or independent injury, an insured may not prevail on extra-contractual tort claims. *In re State Farm Mut. Auto Ins. Co.*, 629 S.W.3d 866 (Tex. 2021);

---

[2] *See* (Doc. No. 16-2, request number 4); *see also*, Plaintiff's Original Petition (Doc. No. 1-3 at ¶ 1-3) (wherein Plaintiff alleges it owned the "insured property" and defines the "insured property" to mean the property located at 5202 Keystone Street).

8

*USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018); *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890 (Tex. 2017) ("When the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive."). Similarly, to recover under the Prompt Payment of Claims Act, a plaintiff must show that (1) the defendant is liable for the claim, and, (2) the defendant failed to comply with a provision of Chapter 542 of the Texas Insurance Code ("PPCA"). Accordingly, since Plaintiff failed to establish a genuine fact issue on its breach of contract claim, these extracontractual claims necessarily fail as well. Consequently, the Court GRANTS Liberty Mutual's motion for summary judgment (Doc. No. 16) on Plaintiff's extra-contractual claims as well.

### IV. Conclusion

For the many reasons above, Plaintiff failed to raise a fact issue supporting its breach of contract and extracontractual claims against Liberty Mutual. Liberty Mutual's motion for summary judgment (Doc. No. 16) is therefore GRANTED in its entirety.

Signed at Houston, Texas, this 12th day of April, 2024.

Andrew S. Hanen
United States District Judge